IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDOLPH M. WARGATS,       )
                           )
            v.             )     Civil Action No.  05 - 318
                           )        Doc. No. 18
PITTSBURGH TECHNICAL       )
INSTITUTE.                 )


## MEMORANDUM ORDER

Plaintiff filed a Motion to Compel Discovery in this action filed pursuant to the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 623(a)(1) on December 6, 2005. Defendant responded and the parties met with the court in an attempt to resolve the issue. Unfortunately, the parties were unable to reach resolution and Defendant filed a supplemental affidavit, to which Plaintiff responded, including portions of deposition transcripts.

Plaintiff was employed as a teacher in the Defendant's Electronics Department. One of the reasons provided by Defendant for its discharge of Plaintiff were the results of his student satisfaction surveys (a.k.a. Student Survey of Instructor "SSI"). Plaintiff is requesting that he be provided with all SSIs for all faculty instructors employed at the Defendant facility for the years 2003 and 2004. [1] Defendant provided the SSIs for the years requested but limited it to the instructors in the electronics department, arguing that the request is overly broad and burdensome. It argues that the decision to discharge Plaintiff was made by the chair of the electronics department and any comparisons should be limited to the instructors of that department. It further argues that compiling all SSI sheets for every instructor in all departments

_____

[1] Plaintiff was discharged on August 13, 2004.

for a period of eight quarters would require the production of 57,600 documents, *ergo,* unduly burdensome.

Plaintiff counters that others, including the Executive Vice President and the Vice President of Education, were involved in the decision to fire Wargats; and the Executive Vice President made a statement to the EEOC that the "Defendant fired Wargats because, among other things, Wargats' student satisfaction surveys were '*consistently* toward the poor end ***compared with other faculty.***'" (Plaintiff's Motion to Compel Discovery, ¶ 10, emphasis in original). Plaintiff argues that it is therefore relevant to compare the surveys with all other faculty, particularly younger faculty, to test the credibility of the reasoning offered.

It seems that Plaintiff's request is reasonable and within the parameters of the federal rules of discovery. F.R.Civ.P. 26(b)(1) provides that a party may seek discovery of "any matter, not privileged, which is relevant to the claim or defense of any party...." It further provides that the information "need not be admissible at trial if the information sought appears to be reasonably calculated to lead to the discovery of admissible evidence." This Court is convinced that the information requested is relevant, both to Plaintiff's claims and Defendant's asserted defense.

However, F.R.Civ.P. 26(b)(2) provides for limitations on discovery if there exist more convenient or less burdensome sources for the requested material or if the burden or expense of the discovery outweighs its benefit. In the present situation, Plaintiff is the sole party that can make a determination if the discovery is available in a summarized form that would be less burdensome than producing over 57,000 documents. In his Appendix to Motion to Compel, Plaintiff argues that the information would be relatively easy to access and may have been partially put into a data base or some other type of comparison document. If that is the case,

Defendant may respond to the discovery by providing a print out of the data or copies of the comparison data, provided that the information is reasonably responsive to the request.

If, however, the documents are maintained as Defendant contends, in such a way that Defendant would be required to pull and copy 57,600 separate documents, such a production may be burdensome. The burden does not absolve Defendants from providing the documents but leaves the parties with the problem of determining how the information can be provided with the least burden. Since the parties appear to be unable or unwilling to solve the problem, it falls to the Court. Therefore,

**IT IS ORDERED** this 17th day of January, 2006, that the Motion to Compel Discovery is **GRANTED;**

**IT IS FURTHER ORDERED** that, within 30 days of this Order, Defendant shall either provide a response to the document request reasonably calculated to provide Plaintiff with what is requested, or provide Plaintiff and/or his representatives with access to the documents so that they can review the documents and copy, at their expense, any or all of the documents as they choose.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.1.3(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service of a copy of this Order to file objections to this Order.  Failure to file timely objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
United States Magistrate Judge

cc:     All counsel of record.